IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ANDRES AGUILAR LOPEZ, JR., Individually and as Next Friend of ADILYN LEE LOPEZ, a Minor, and as Representative of the Estate of AMY MICHELLE LOPEZ (Deceased), TAILOR FIELDS, GEORGE W. BERRIHGER and GAIL BERRIHGER, <br>    *Plaintiffs*, <br><br> v. <br><br> TRUCKER TRANSPORTATION ALLIANCE, INC., GABRIEL ENRIQUEZ, ROAR LOGISTICS, INC., and FORD MOTOR COMPANY, <br>    *Defendants,* <br><br> KOLBY FIELDS, <br>    *Intervenor,* <br><br> v. <br><br> TRUCKER TRANSPORTATION ALLIANCE, INC., GABRIEL ENRIQUEZ, and ROAR LOGISTICS, INC., <br>    *Defendants,* <br><br> JOSE ANTONIO RODRIGUEZ PINEDA and MARIA ROMO-CARLOS, Individually and as Next Friends of MATIAS RODRIGUEZ, ANTHONY RODRIGUEZ, and BRANDON RODRIGUEZ, Minors, <br>    *Intervenor Plaintiffs,* <br><br> v. <br><br> TRUCKER TRANSPORTATION ALLIANCE, INC., GABRIEL ENRIQUEZ, and ROAR LOGISTICS, INC., <br>    *Defendants.* | Cause No. _____ |

**DEFENDANT ROAR LOGISTICS, INC.'S**                                                                                                             679528v1
**NOTICE OF REMOVAL – PAGE 1**

**DEFENDANT ROAR LOGISTICS, INC.'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§ 1331, 1337, 1441 and 1446, Roar Logistics, Inc. ("Roar"), gives notice of its removal of the State Court Action (as defined below).

Roar respectfully represents the following in accordance with the requirement of 28 U.S.C. § 1446(a) to provide a "short and plain statement of the grounds for removal."

**I.   Background and applicable procedural requirements.**

1.   On April 29, 2019, Andres Aguilar Lopez Jr., individually and as next friend of Adilyn Lee Lopez, a minor, and as representative of the Estate of Amy Michelle Lopez (deceased), Taylor Fields, George W. Berrihger and Gail Berrihger ("Lopez, Jr.") initiated suit in the County Court at Law Number 6 of El Paso County, Texas, as Cause No. 2019DCV1583 (the "State Court Action"). Lopez, Jr.'s original petition named two defendants—Truckers Transportation Alliance, Inc and Gabriel Enriquez.

2.   The claims in the lawsuit arise from a motor vehicle accident that happened on April 19, 2019, in Weatherford, Parker County, Texas. Lopez, Jr. alleges that Defendant Gabriel Enriquez was an employee of Defendant Truckers Transportation Alliance, Inc. ("Truckers Transportation"), and was the driver of a tractor trailer involved in the accident.

3.   Roar was joined to the lawsuit by *Plaintiffs' First Amended Petition and Jury Demand* ("Plaintiffs' First Amended Petition"), filed on July 12, 2019. Plaintiffs' Amended Petition asserted that Roar and Defendant Truckers Transportation were engaged in a joint venture, and that Defendant Truckers Transportation's conduct was therefore "imputable to" Roar. *See* Plaintiffs' First Amended Petition, section VII, paragraphs 1-2.

4.   On September 3, 2019, Intervenor Kolby Fields ("Fields") filed his Plea in Intervention. On October 2, 2019, Roar filed its Special Exceptions to Fields Plea in Intervention.

5. Intervenors Jose Antonio Rodriguez Pineda ("Pineda") and Maria Romo-Carlos ("Romo-Carlos") filed *Intervenor Plaintiffs' Petition in Intervention and Request for Disclosure* on September 24, 2019. On October 3, 2019, Roar filed *Defendant Roar Logistics, Inc.'s Special Exceptions to Rodriguez/Romo's Petition in Intervention* ("Special Exceptions to Rodriguez/Romo's Petition"). In its Special Exceptions to Rodriguez/Romo's Petition, Roar asserted that the Plaintiffs' Second Amended Petition failed to "provide fair notice of the specific claims against it..."

6. Lopez, Jr. filed *Plaintiffs' Second Amended Petition and Jury Demand* ("Plaintiffs' Second Amended Petition") on October 28, 2019. On November 04, 2019, Roar filed *Defendant Roar Logistics, Inc.'s Special Exceptions to Plaintiffs' Second Amended Petition* ("Special Exceptions to Second Amended Petition.") In its Special Exceptions to Second Amended Petition, Roar asserted that the Plaintiffs' Second Amended Petition failed to "provide fair notice of the specific claims against it..."

7. On January 21, 2020, Intervenor Fields filed *Intervenor Plaintiff Kolby Fields' First Amended Petition in Intervention* ("Fields' First Amended Petition.") On January 28, 2020, Roar filed *Defendant Roar Logistics, Inc.'s Special Exceptions* to *Intervenor Plaintiff Kolby Fields' First Amended Petition in Intervention* ("Special Exceptions to Fields' First Amended Petition.") In its Special Exceptions to Fields' First Amended Petition, Roar asserted that Field's First Amended Petition failed to "provide fair notice of the specific claims against it..."

8. On February 18, 2020, Roar was served by Intervenors Pineda and Romo-Carlos with *Intervenor Plaintiffs' First Amended Petition in Intervention* ("Intervenors' First Amended Petition"). Intervenors' First Amended Petition attaches a Broker-Carrier Agreement between Roar and Defendant Truckers Transportation as Exhibit B. Intervenors' First Amended Petition alleges

**DEFENDANT ROAR LOGISTICS, INC.'S**  679528v1
**NOTICE OF REMOVAL – PAGE 3**

that the broker agreement "clearly shows the common course of action and/or common business enterprise" between Roar and Defendant Truckers Transportation. *See* Intervenors' First Amended Petition, paragraph 14.01. Intervenors' First Amended Petition clearly asserts that Roar is allegedly liable to Intervenors based on Roar's contract with a federally licensed motor carrier, Defendant Truckers Transportation, in Roar's capacity as a federally licensed freight broker.

9. On February 18, 2020, Intervenors Pineda and Romo-Carlos filed *Intervenor Plaintiffs' Response to Defendant Roar Logistics, Inc.'s Special Exceptions* ("Response to Special Exceptions.") In the Response to Special Exceptions, Intervenors Pineda and Romo-Carlos confirm that they filed the Broker-Carrier Agreement and provided other clarification of their pleadings to address the issues raised by Roar's special exceptions.[1]

10. On February 21, 2020 Intervenor Fields filed his Second Amended Plea in Intervention. The Second Amended Plea in Intervention was filed after a review of Intervenors Pineda and Romo-Carlos First Amended Petition in Intervention. *See* Exhibit "C" attached hereto and incorporated by reference. The Second Amended Plea in Intervention makes it clear that Intervenor Fields claims against Roar are based upon Roar's contract with Truckers Transportation, which is the broker agreement referenced in Intervenors Pineda and Romo-Carlos' First Amended Petition in Intervention. *See* Second Amended Plea in Intervention at Paragraph 5.09.

11. This Notice of Removal is timely filed because it is being filed within 30 days after receipt by Roar of the Intervenors' First Amended Petition, a pleading setting forth the claims for relief which show the case is removable to federal court, as required by 28 U.S.C. §1446(b).

---

[1] Plaintiff Lopez, Jr. claims against Roar may have the same bases as Intervenors Pineda and Romo-Carlos's claims. Unlike Intervenors Pineda and Romo-Carlos and Intervenor Fields, Plaintiff Lopez, Jr. has not yet clarified his allegations against Roar in response to Roar's special exceptions to his pleadings.

## II. This is a case involving the original jurisdiction of this Court subject to removal under 28 U.S.C. §§ 1331 and 1337

12. This case is removable to this Court under the jurisdictional grant set forth in 28 U.S.C. § 1331, in that Intervenor Pineda's causes of action implicate the Court's original jurisdiction.

13. As an additional ground, 28 U.S.C. § 1337 supports removal because the claims advanced by Intervenors Pineda and Romo-Carlos arise under an "Act of Congress regulating commerce or protecting trade and commerce against restraints . . . ."

14. Intervenors Pineda and Romo-Carlos allege claims against Roar that arise from Roar's services as a licensed freight broker arranging for the transportation of goods by a federally licensed motor carrier. The power of the states to regulate the transportation of goods is expressly constrained by the Interstate Commerce Commission Termination Act ("ICCTA"), which provides, in pertinent part:

> *a State ... may not enact or enforce a law, regulation, or other provision having the force and effect of law related to a* price, route, or *service of* any motor carrier ... or any motor private carrier, *broker*, or freight forwarder *with respect to the transportation of property* . . . .

*See* 49 U.S.C. § 14501(c)(1) (emphasis added) and 49 U.S.C. § 14501(b)(1). The ICCTA expressly preempts state law claims against freight brokers for their work done in arranging for transportation of goods by federally licensed motor carriers. The claims against a defendant freight broker arising from its work as a freight broker raise a federal question pursuant to 28 U.S.C.A. § 1331. In this case, the claims advanced against Roar are an attempt at regulating the "services" offered by a freight broker, *i.e.*, how it chooses a carrier for the transportation of goods through intrastate/interstate commerce. *See* 49 C.F.R. 371.2(c) (defining freight broker service as: "Brokerage or brokerage service is the arranging of

transportation or the physical movement of a motor vehicle or of property."). Even though Intervenors Pineda and Romo-Carlos assert negligence claims against Roar arising from Texas common law, those claims fall within the category of claims preempted by 49 U.S.C. § 14501(c)(1) and 49 U.S.C. § 14501(b)(1), because "[s]tate common law counts as an 'other provision having the force and effect of law.'" *See Non Typical, Inc. v. Transglobal Logistics Grp. Inc.*, Nos. 10–C–1058, 11–C–0156, 2012 WL 1910076, at *2 (E.D. Wis. May 28, 2012) (citing *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 233 n. 8 (1995); *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 388 (1992)).

15. The regulation of services provided by a freight broker in interstate and intrastate commerce has been completely preempted by the express language of 49 U.S.C. § 14501(c)(1) and 49 U.S.C. § 14501(b)(1). Under the Interstate Commerce Act, a freight broker is:

> a person, other than a motor carrier or an employee or agent of a motor carrier, that as a principal or agent sells, offers for sale, negotiates for, or holds itself out by solicitation, advertisement, or otherwise as selling, providing, or arranging for, transportation by motor carrier for compensation.

49 U.S.C. § 13102(2).

In turn, the term "transportation" includes:

> (A) a motor vehicle, vessel, warehouse, wharf, pier, dock, yard, property, facility, instrumentality, or equipment of any kind related to the movement of passengers or property, or both, regardless of ownership or an agreement concerning use; and
>
> (B) *services related to that movement, including arranging for*, receipt, delivery, elevation, transfer in transit, refrigeration, icing, ventilation, storage, handling, packing, unpacking, and interchange of passengers and property.

49 U.S.C. § 13102(23) (emphasis added). As the statutory language makes clear, the "services" provided by a freight broker are those of arranging for the transportation of goods via motor carriers. *See* 49 C.F.R. § 371.2. Intervenors Pineda and Romo-Carlos claims against Roar seek

to regulate those "services" by imposing a different standard of care defined by state common law. Under the doctrine of complete preemption, "[w]hen the federal statute completely pre-empts the state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *See Beneficial Nat. Bank v. Anderson*, 539 U.S. 1, 8 (2013). Congress has expressly displaced all state law claims seeking to regulate the manner in which freight brokers select motor carriers.

16. Recently, in a case filed in the Southern District of Texas, the court found that negligence-based property damage claims against a freight broker were preempted by the FAAAA. *Enbridge Energy, LP v. Imperial Freight Inc.*, Case No. H-14-2615, 2019 WL 1858881, at *2 (S.D. Tex. April 25, 2019). This civil action is slightly different, because it alleges personal injury, as opposed to property damage claims, but there is no doctrinal reason for a different result.

17. The following cases have found no doctrinal distinction for treating personal injury claims against a freight broker any different from property damage claims against a freight broker:

    a. *Natalia Volkova, et al v. C.H. Robinson Company, et al.*, 2018 WL 741441 (N.D.Ill. Feb. 7, 2018);

    b. *Donald J. Krauss, et al v. Iris USA, Inc.*, 2018 WL 2063839 (E.D. Penn. May 3, 2018) (A case that relied in part on *Volkova* to find that personal injury claims against a freight broker are preempted);

    c. *Donald J. Krauss, et al v. Iris USA, Inc.*, 2018 WL 3632107 (E.D. Penn. July 31, 2018) (The court addressed the same issue on reconsideration and affirmed);

    d. *Miller v. C.H. Robinson Worldwide, Inc.*, Case No. 3:17-cv-00408-MMD-WGC, 2018 WL 5981840, at *4 (D. Nev. Nov. 14, 2018) (finding preemption because

       liability would significantly impact the broker's services, effectively requiring the broker to perform additional services to avoid liability);

   e. *Creagan, Jr., et al v. Wal-Mart Transportation, LLC*, 2018 WL 6523123 (N.D. Ohio Dec. 12, 2018);

   *f.* *Gregory Loyd v. Paul Salazar d/b/a RAS Trucking, et al.*, 2019 WL 4577108 (W.D. Okla. Sept. 20, 2019);

   g. *Brandy Jackson as Natural Tutrix of the Minor Child, Kenyon Wade v. Stevie Trucking Corporation, et al.*, Case No. 2019-4634, Civil District Court for the Parish of Orleans, State of Louisiana;

   h. *Beverly Simpson, et al v. Omega Precision, Inc., et al*, Case No. 34-2017-00210287, Superior Court of the State of California, County of Sacramento; and

   i. *Scott Gillum v. High Standard, LLC, et al.*, Case No. 5:19-cv-01378, (W.D. Tex. January 27, 2020).

All of the foregoing cases have found that negligence-based claims against a freight broker arising from alleged personal injuries are preempted as a matter of federal statutory law.

   18. In upholding the preemption afforded freight brokers, Judge Guzman in *Volkova* methodically refuted the common arguments made by plaintiffs in fighting the enforcement of federal preemption:

> The Court, however, respectfully disagrees with the analyses of these courts to the extent that they do not faithfully apply the preemption analysis established by the Supreme Court, as described above. In essence, Plaintiff contends that a proper application of the preemption analysis should be disregarded in a case where the plaintiff is seeking relief for personal injury. (Pl.'s Reply, Dkt. #199, ¶ 7) ("In this case, the plaintiff is the trustee of the estate of her dead husband who was traveling on I-80 when a driver [hired by] Robinson fell asleep and drove into oncoming traffic causing the subject collision....Alex Volkov did not bargain for the possibility of a horrific death caused by the negligent defendants but that is what he received."). The Court recognizes the devastation caused by the accident and certainly sympathizes with Plaintiff. Nevertheless, the Court cannot ignore the straightforward preemption analysis as laid out by the Supreme Court, and finds instructive the analysis in *Rowe v. New*

> *Hampshire Motor Transportation Association*, 552 U.S. 364 (2008). In *Rowe*, the Supreme Court found preempted Maine statutes regulating the delivery of tobacco products in spite of the State's argument that the laws were enacted in an "effort[ ] to protect its citizens' public health, particularly when those laws regulate so dangerous an activity as underage smoking." *Id.* at 373-74. The Supreme Court concluded that "[d]espite the importance of the public health objective, we cannot agree with Maine that the federal law creates an exception on that basis exempting state laws that it would otherwise pre-empt." *Id.* at 374. The Court finds no ground in the instant case on which to depart from this reasoning. Contrary to Plaintiffs' argument that a finding of preemption leaves her without a remedy, she may and has sought recourse against the carrier, Antioch, and its driver, Nguyen. Nor is Plaintiffs' reliance on § 14501(c) (2)(A), which provides that the FAAAA "shall not restrict safety *regulatory* authority of a State with respect to motor vehicles," persuasive. *Id.* (emphasis added). Plaintiff points to no convincing authority supporting the proposition that a state common law claim for negligent hiring constitutes a safety regulation of a motor vehicle.

*Volkova,* 2018 WL 741441, at *4.

19. As this Court knows, "[f]ederal question jurisdiction exists if the well-pleaded complaint establishes either [1] that federal law creates the cause of action or [2] that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016) (quoting *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998)). The first path, in which federal law creates the cause of action, is the most common path to federal-question jurisdiction. *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986). The second path, in which the well-pleaded complaint raises "significant federal issues," *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 312 (2005), is much less common. The United States Supreme Court recently explained the second path to federal-question jurisdiction as follows: "[F]ederal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal

**DEFENDANT ROAR LOGISTICS, INC.'S**  
**NOTICE OF REMOVAL – PAGE 9**                                                                                          679528v1

court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (interpreting *Grable*). The instant dispute against a federally licensed freight broker arising from its licensed activities fits this second path as well.  More particularly:

(1) Intervenors Pineda and Romo-Carlos' right to relief necessarily depends on the resolution of a substantial question of federal law, i.e., the appropriate standard of care for a freight broker when selecting federally licensed motor carriers.

(2) Intervenors Pineda and Romo-Carlos' allegations invoking state law negligence claims represent a dispute as to the effect and breadth of federal law as it concerns freight brokers and the services they offer.

(3) The federal issue is substantial because if Intervenors Pineda an Romo-Carlos are correct that state law applies, freight brokers by necessity must conform to a patchwork of state law based duties of care when selecting federally licensed motor carriers to haul freight through interstate/intrastate commerce.

(4) To the extent this Court may enforce the intent of Congress to constrain the power of the states to regulate the interstate/intrastate transportation of goods as expressly provided by the ICCTA, this does not disrupt the federal/state balance approved by Congress.

### III.   The Western District of Texas Jurisprudence Support Removal

20. A recent decision by a United Stated District Court in the Western District of Texas supports removal on nearly identical facts and for the same legal premise. The San Antonio Division of the Western District of Texas recently provided guidance on the complete preemption of claims made by Intervenors Pineda and Romo-Carlos:

> The Court finds most persuasive the line of cases that have held negligence claims against freight brokers are preempted under the FAAAA because "[e]nforcing state negligence laws that would have a direct and substantial impact on the way in which freight brokers hire and oversee transportation companies would hinder" the objective of the FAAAA in deregulating the shipping and transportation industry.

*Gillum v. High Standard, LLC*, SA-19-CV-1378-XR, 2020 WL 444371, at *5 (W.D. Tex. Jan. 27, 2020).  Intervenor Pineda's claims regarding how Roar provided services as a broker "seek to

enforce a duty of care related to how Defendant arranged for the transportation of property". *Id*. Such a claim "falls squarely within the preemption of the FAAAA." *Id*. "In sum, the allegations 'go to the core of what it means to be a careful freight broker' and, as such, they are preempted." *Id*.

21. The *Gillum* case is factually parallel to the accident that forms the basis of the current case. *Gillum v. High Standard, LLC et al*, 2020 WL 444371. In *Gillum,* defendant Danco Transport, a freight brokerage successfully argued that their case was removable under federal question and Federal Aviation Administration Authorization Act of 1984 ("FAAAA") preemption grounds. The *Gillum* court determined that common law state-level negligence claims are pre-empted by the FAAAA. Although the FAAAA does have carve-outs for some state causes of actions, it does not contain such carve-outs for claims against freight brokers. *See Gillum,* at 3, 4.

22. The court in *Gillum* reasoned that the claims against the freight broker were completely preempted, because the suit attempted to enforce a duty of care on the broker for how it arranged for transport of goods by a federally licensed motor carrier. The *Gillum* court determined that the claims were entirely preempted by the FAAAA. *See Gillum,* at 5.

23. Removal of this action is proper under 28 U.S.C. § 1337, 28 U.S.C. § 1441, and 28 U.S.C. § 1331 because this is a civil action over which the federal district courts would have had original jurisdiction had the action been commenced in federal court.

## IV. <u>Venue is proper in this Court</u>

24. Roar hereby removes this matter to the United States District Court for the Western District of Texas, El Paso Division. Venue is proper in this Court pursuant to 28 U.S.C. §1446(a), as the United States District Court for the Western District of Texas, El Paso Division, is the district and division within which the State Court Action is pending.

25. Roar is not obligated to seek the consent of any non-freight broker defendant in connection with this Notice of Removal. *See* 28 U.S.C. § 1441(c)(2) ("Only defendants

against whom a claim described in paragraph (1)(A) [original jurisdiction] has been asserted are required to join in or consent to the removal under paragraph (1)").

26. In addition, pursuant to 28 U.S.C. § 1446(d), Defendant will promptly file a Notice of Filing Removal with a copy of this Notice of Removal with the state court.

27. By virtue of this Notice of Removal, Roar does not waive its right to assert any claims, defenses, or other motions permitted under the Federal Rules of Civil Procedure. Further, Roar reserves the right to submit additional evidence and assert supplemental grounds in support of removal as appropriate in future circumstances.

28. Plaintiffs and Intervenors did demand a trial by jury in the State Court Action.

29. Accompanying this Notice of Removal is a copy of all process, pleadings, and orders served upon Defendant in the state court action, in accordance with 28 U.S.C. § 1446, identified and incorporated herein as **Exhibit "A"**.

30. Additionally, and pursuant to Local Rule CV-3(a), a completed Civil-Cover Sheet is attached and incorporated herein as **Exhibit "B"**. As part of **Exhibit "B"** is Defendant's List of All Counsel of Record and *Pro Se* Parties.

31. Defendant has tendered the filing fee to the Clerk of the United States District Court for the Western District of Texas, El Paso Division, along with the original Notice of Removal. A copy of this Notice of Removal is also being filed in the County Court at Law Number 6, El Paso County, Texas, and all counsel of record are being provided with complete copies.

## VII. Prayer

32. Accordingly, Roar respectfully prays that this action be removed to the United States District Court, Western District of Texas, El Paso Division.

                                 Respectfully submitted,

                                 **RAY │ PEÑA │ McCHRISTIAN**
                                 A Professional Corporation
                                 5822 Cromo Drive
                                 El Paso, Texas 79912
                                 (915) 832-7200
                                 (915) 832-7333 - *Facsimile*

Date: March 17, 2020.        BY:    */s/ Daniel H. Hernandez*
                                              **DANIEL H. HERNANDEZ**
                                              State Bar No.  09515685
                                              dhernandez@raylaw.com
                                              **ALDO R. LOPEZ**
                                              State Bar No. 24060185
                                              alopez@raylaw.com
                                And

                                              **OF COUNSEL**
                                              **MacDONALD DEVIN ZIEGLER MADDEN**
                                              **KENEFICK & HARRIS, P.C.**
                                              3800 Renaissance Tower
                                              1201 Elm Street
                                              Dallas, Texas 75270-2084
                                              (214) 744-3300
                                              (214) 747-0942 - *Facsimile*

                              By:    */s/ Patrick F. Madden*
                                              **Patrick F. Madden**
                                              State Bar No. 00787943
                                              Pmadden@MacdonaldDevin.com
                                              **Jacob M. Borchers**
                                              State Bar No. 24067522
                                              Jborchers@MacdonaldDevin.com
                                              Attorneys for Defendant **ROAR LOGISTICS, INC.**


## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the foregoing document was forwarded to Plaintiff's attorney, **Jeffrey H. Cluff/Manuel H. Hernandez**, Faddoul, Cluff, Hardy & Conaway, PC, 1115 Broadway, Lubbock, Texas 79401, jcluff@fchclaw.com/mhernandez@fchclaw.com; Attorneys for Defendant Truckers Transportation and Defendant Gabriel Enriquez, **Carlos Rincon/Cindy M. Vazquez**, Rincon Law Group, PC, 1014 North Mesa Street, Suite 200, El Paso, Texas 79902, crincon@rinconlawgroup.com/cvazquez@rinconlawgroup.com; Attorney for

Intervenor Kolby Fields, **Delaney Piercy/Matthew Lopez**, Glasheen, Valles & Inderman, LLP, 1302 Texas Avenue, Lubbock, Texas 79401, efile.laney.piercy@gvilaw.com/ efile.matt.lopez@gvilaw.com; Attorneys for Intervenors Jose Antonio Rodriguez Pineda and Maria Romo-Carlos, Individually and as Next Friends of Matias Rodriguez, Anthony Rodriguez and Brandon Rodriguez, Minors, **Tom Hall**, Law Offices of Tom Hall, 2605 Airport Freeway, Suite 100, Fort Worth, Texas 76111, thall@tomhalllaw.com and **G. Lynn Clanton**, Law Office of G. Lynn Clanton, 2605 Airport Freeway, Suite 100, Fort Worth, Texas 76111, lynnclantonlaw@sbcglobal.net.

*/s/ Daniel H. Hernandez*
**Daniel H. Hernandez**